IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVIN FISHER, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-23-1112 |
| CIRCUIT COURT BALTIMORE COUNTY, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |
| DEVIN FISHER, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-23-1125 |
| JOHN J. NAGLE, III, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Devin Fisher, currently detained at the Harford County Detention Center, has filed civil actions against the Circuit Court for Baltimore County and Judge John J. Nagle, III, alleging that the state court and state court judge have interfered with his relationship with his child. Fisher filed a motion to proceed in forma pauperis in each case. DLB-23-1112, ECF 2; DLB-23-1125, ECF 2. Because of the similarity of the claims raised in each case, the Court addresses both together in this memorandum opinion and the order that follows. Because Fisher cannot state a claim against either defendant, the complaints are dismissed.

This Court screens pretrial detainee complaints against governmental entities and their officers and employees and must dismiss any complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who

is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (requiring dismissal of claims by litigants proceeding in forma pauperis if the claims are frivolous, malicious, or fail to state a claim on which relief may be granted). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

In each action, Fisher seeks relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

In DLB-23-1112, Fisher seeks damages from the Circuit Court of Baltimore County. Fisher states that the Circuit Court violated his Fourteenth Amendment rights by concealing and alienating his daughter. ECF 1, at 2. He states that he wants to "see and talk" to his daughter, and he seeks 50 million dollars in damages for his suffering. *Id.* at 3.

The Circuit Court for Baltimore County is not a "person" subject to suit under 42 U.S.C. § 1983. Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Oliva v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (Table) ("[T]he Defendant court system is not a person as defined by 42 U.S.C.A. § 1983 . . . ."); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) ("[A] state court is not a 'person' within the meaning of that term as used in § 1983 . . . ."). Therefore, Fisher's claims against the Circuit Court for Baltimore County are dismissed with prejudice.

To the extent that Fisher is seeking an order from this Court directing the state court to issue an order allowing him to visit with his daughter, this Court does not have jurisdiction to issue a writ of mandamus ordering a state court to act. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. Moreover, writ of mandamus provides extraordinary relief, available only when there are no other means by which to grant the relief. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Fisher may challenge the order in state court. The complaint is dismissed.

In DLB-23-1125, Fisher brings similar claims against state court judge John J. Nagle, III and seeks monetary damages. ECF No. 1. Fisher claims that Judge Nagle violated his Fourteenth Amendment due process rights by alienating his daughter from him. *Id.* at 2. He states that he wants to "see and talk" to his daughter, and he seeks 8 million dollars in damages. *Id.* at 3.

Fisher's claims against Judge Nagle are barred by the doctrine of judicial immunity. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction") (alteration and quotation omitted); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their

3

judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Because Fisher provides no grounds to defeat the judicial immunity that applies to the defendant judge's determinations in his state case, the claims against Judge Nagle are dismissed with prejudice

Additionally, as discussed above, to the extent that Fisher is seeking an order from this Court directing Judge Nagle to issue an order allowing him to visit with his daughter, this Court does not have jurisdiction to issue a writ of mandamus ordering a state court to act. *See Gurley*, 411 F.2d at 587; *see also* 28 U.S.C. § 1361.

## Conclusion

For the reasons stated above, Fisher's motions for leave to proceed in forma pauperis, DLB-23-1112, ECF 2, and DLB-23-1125, ECF 2, are granted. Fisher's damages claims filed in DLB-23-1112 and DLB-23-1125 are dismissed with prejudice, and any claims for writs of mandamus are dismissed without prejudice for lack of jurisdiction. The cases are closed.

A separate order follows.

June 26, 2023  
Date

Deborah L. Boardman  
United States District Judge